IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PFIZER INC., PF PRISM IMB B.V., PF PRISM HOLDINGS B.V., PFIZER ASIA MANUFACTURING PTE LTD, PFIZER IRELAND PHARMACEUTICALS UNLIMITED COMPANY, and PFIZER IRELAND PFE HOLDING 1 LLC,<br><br>Plaintiffs,<br><br>v.<br><br>SUN PHARMACEUTICAL INDUSTRIES LIMITED,<br><br>Defendant. | ) | C.A. No. ____________ |

**COMPLAINT FOR PATENT INFRINGEMENT**
**AND DECLARATORY JUDGMENT OF PATENT INFRINGEMENT**

Plaintiffs Pfizer Inc., PF PRISM IMB B.V., PF PRISM Holdings B.V., Pfizer Asia Manufacturing Pte Ltd, Pfizer Ireland Pharmaceuticals Unlimited Company, and Pfizer Ireland PFE Holding 1 LLC (collectively "Pfizer"), for their Complaint against Defendant Sun Pharmaceutical Industries Limited ("Sun"), allege as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement and for declaratory judgment of patent infringement of U.S. Patent Nos. 8,680,111 ("the '111 Patent"), 10,420,749 ("the '749 Patent"), 11,020,376 ("the '376 Patent"), and 11,299,500 ("the '500 Patent") (collectively, the "Asserted Patents"). True and correct copies of the Asserted Patents are attached as Exhibits A-D.

2. This action arises out of Sun's filing or causing to be filed Abbreviated New Drug Application ("ANDA") No. 219998 ("Sun's ANDA") with the United States Food and Drug Administration ("FDA"), seeking approval to market generic versions of Pfizer's LORBRENA®

(lorlatinib) tablets, 25 mg and 100 mg ("Sun's ANDA Products"), the drug product approved under New Drug Application ("NDA") No. 210868. Through Sun's ANDA, Sun seeks approval to market generic versions of the pharmaceutical product LORBRENA® before the expiration of the Asserted Patents. This action also arises out of Sun's current and/or imminent manufacture, use, sale, offer to sell within the United States, and/or importation into the United States of Sun's generic version of the pharmaceutical product LORBRENA®.

**THE PARTIES**

3. Plaintiff Pfizer Inc. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 66 Hudson Boulevard East, New York, New York 10001.

4. Plaintiff PF PRISM IMB B.V. ("PPIBV") is a private limited company (*besloten vennootschap*) organized under the laws of the Netherlands, having its registered seat in Rotterdam, the Netherlands, and having its business address at Rivium Westlaan 142, 2909 LD, Capelle aan den IJssel, the Netherlands. Pfizer Inc. is the ultimate parent company of PPIBV.

5. Plaintiff PF PRISM Holdings B.V. ("PPHBV") is a Dutch private limited liability company (*besloten vennootschap met beperkte aansprakelijkheid*) organized and existing under the laws of the Netherlands, having its corporate seat in Rotterdam, the Netherlands and its registered office at Rivium Westlaan 142, 2909 LD, Capelle aan den IJssel, the Netherlands. Pfizer Inc. is the ultimate parent company of PPHBV.

6. Plaintiff Pfizer Asia Manufacturing Pte Ltd ("PAMPL") is a corporation organized and existing under the laws of Singapore, registered under number 200615588C. Pfizer Inc. is the ultimate parent company of PAMPL.

7. Plaintiff Pfizer Ireland Pharmaceuticals Unlimited Company f/k/a Pfizer Ireland Pharmaceuticals ("PIP") is a private unlimited liability company organized and existing under the laws of Ireland, registered number 490938, and having its address at Ringaskiddy, County Cork, Ireland. Pfizer Inc. is the ultimate parent company of PIP.

8. Plaintiff Pfizer Ireland PFE Holding 1 LLC ("PH1") is a limited liability company organized and existing under the laws of the State of Delaware, United States of America, with offices at 235 East 42nd Street, New York, New York 10017. Pfizer Inc. is the ultimate parent company of PH1.

9. On information and belief, Sun is a corporation organized and existing under the laws of India, with its principal place of business at Acme Plaza, Andheri-Kurla Road, Andheri (East), Mumbai 400 059, Maharashtra, India.

10. On information and belief, Sun develops, manufactures, markets, distributes, imports, offers for sale, and/or sells generic pharmaceutical products throughout the United States, including in Delaware.

## **JURISDICTION AND VENUE**

11. This is a civil action for patent infringement and declaratory judgment of infringement of U.S. Patent Nos. 8,680,111, 10,420,749, 11,020,376, and 11,299,500. This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

12. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), and 2201-02.

13. On information and belief, Sun maintains distribution channels for the commercial supply of generic drugs, including Sun's ANDA Products, throughout the United States, including in Delaware.

14. This Court has personal jurisdiction over Sun, at least because, upon information and belief, Sun: (1) has purposely availed itself of the privilege of doing business in Delaware, directly or indirectly through its subsidiaries, agents, and/or alter egos; (2) maintains pervasive, continuous, and systematic contacts with Delaware, including the marketing, distribution, and/or sale of generic pharmaceutical products in Delaware; (3) derives substantial revenue from the sale of its products in Delaware; and (4) intends to, directly or indirectly through its subsidiaries, agents, and/or alter egos, market, sell, or distribute Sun's ANDA Products for which it seeks approval under Sun's ANDA, including throughout Delaware.

15. This Court has personal jurisdiction over Sun for at least the additional reason that it has availed itself of the legal protections of Delaware by previously consenting to personal jurisdiction and asserting counterclaims in Delaware. *See, e.g.*, *GlaxoSmithKline LLC, Tesaro, Inc., and Merck Sharp & Dohme LLC v. Sun Pharmaceutical Industries Ltd.*, C.A. No. 25-1170-CFC (D. Del.); *Exelixis, Inc. v. Sun Pharms. Indus. Ltd. et al*., C.A. No. 25-423-RGA (D. Del.); *Exelixis, Inc. v. Sun Pharms. Indus. Ltd. et al*., C.A. No. 24-1208-RGA (D. Del.); *Novo Nordisk Inc. & Novo Nordisk A/S v. Sun Pharms. Indus. Ltd. et al*., C.A. No. 24-1014-CFC (D. Del.); *Novo Nordisk Inc. et al. v. Sun Pharmaceutical Industries Ltd. et al.*, C.A. No. 25-767-CFC (D. Del.); *Otsuka Pharm. Co., Ltd. & H. Lundbeck A/S v. Sun Pharms. Indus. Ltd. et al*., C.A. No. 24-789-JLH (D. Del.); *Veloxis Pharms., Inc. v. Sun Pharm. Indus. Ltd. et al*., C.A. No. 24-726-MN (D. Del.); *Novo Nordisk Inc. & Novo Nordisk A/S v. Sun Pharms. Indus. Ltd. et al*., C.A. No. 23-1459-CFC (D. Del.); *Allergan Holding Ltd. et al. v. Sun Pharm. Indus. Ltd.*,

C.A. No. 23-795-RGA (D. Del.); *Vertex Pharms. Inc. v. Sun Pharm. Indus. Ltd*., C.A. No. 20-988-RGA (D. Del.); and *Boehringer Ingelheim Pharms. Inc. et al. v. Sun Pharms. Indus. Ltd. et al*., C.A. No. 21-1573-CFC (D. Del.).

16. Alternatively, this Court may exercise jurisdiction over Sun pursuant to Fed. R. Civ. P. 4(k)(2) because (1) Pfizer's claims arise under federal law; (2) Sun is a foreign defendant purportedly not subject to personal jurisdiction in any state's court of general jurisdiction; and (3) Sun has sufficient contacts with the United States as a whole, including but not limited to preparing and submitting numerous ANDAs to the FDA and manufacturing, importing, offering to sell, or selling generic pharmaceutical products distributed throughout the United States, such that this Court's exercise of jurisdiction over Sun satisfies due process.

17. Venue is proper in this Court as to Sun under 28 U.S.C. § 1391(c)(3) because Sun is a foreign corporation and may be sued in any judicial district in the United States where Sun is subject to the court's personal jurisdiction.

## PFIZER'S LORBRENA® AND THE ASSERTED PATENTS

18. Pfizer holds New Drug Application ("NDA") No. 210868 on LORBRENA®, which the FDA approved on November 2, 2018. The FDA subsequently granted seven years of orphan-drug exclusivity (ODE-349) for LORBRENA® under 21 U.S.C. § 360cc(a) and 21 C.F.R. § 316.31(a), which exclusivity expires on March 3, 2028.

19. Pfizer markets and sells products that are the subject of NDA No. 210868 in the United States under the brand name LORBRENA®.

20. LORBRENA® is indicated for the "treatment of adult patients with metastatic non-small cell lung cancer (NSCLC) whose tumors are anaplastic lymphoma kinase (ALK)-positive as

detected by an FDA-approved test." A true and correct copy of the prescribing information for LORBRENA® is attached as Exhibit E.

21. The active ingredient in LORBRENA® is lorlatinib, a kinase inhibitor. The molecular formula of lorlatinib is $C_{21}H_{19}FN_6O_2$ (anhydrous form) and the molecular weight is 406.41 Daltons. The chemical name is (10*R*)-7-amino-12-fluoro-2,10,16-trimethyl-15-oxo-10,15,16,17-tetrahydro-2*H*-4,8-methenopyrazolo[4,3-*h*][2,5,11]benzoxadiazacyclotetradecine-3-carbonitrile. The chemical structure of lorlatinib is shown below:




Exhibit E at 16.

22. Lorlatinib is a kinase inhibitor with in vitro activity against, among other things, ALK and ROS1. Exhibit E at 17.

23. The recommended dosage of LORBRENA® is 100 mg orally once daily, with or without food, until disease progression or unacceptable toxicity. *Id.* at 2. Dose reductions to 75 mg and 50 mg are permitted. *Id.* at 2.

24. Pursuant to 21 U.S.C. § 355(b)(1) and the regulations that the FDA has promulgated pursuant thereto, the Asserted Patents are listed in the FDA's Approved Drug Products with Therapeutic Equivalence Evaluations (the "Orange Book") with respect to LORBRENA®.

25. The ’111 Patent was duly and legally issued by the United States Patent and Trademark Office (“USPTO”) on March 25, 2014, and is titled “Macrocyclic Derivatives for the Treatment of Diseases.” Exhibit A.

26. The ’111 Patent is listed in the Orange Book for LORBRENA® and is scheduled to expire on March 5, 2033, subject to any applicable extension or exclusivity.

27. Pfizer owns the ’111 Patent.

28. PPIBV is the exclusive licensee of the ’111 Patent.

29. PPIBV conveyed rights under the ’111 Patent to PPHBV.

30. PPHBV conveyed rights under the ’111 Patent to PAMPL and PIP.

31. PH1 holds rights under the ’111 Patent.

32. The ’749 Patent was duly and legally issued by the USPTO on September 24, 2019, and is titled “Crystalline Form of Lorlatinib Free Base.” Exhibit B.

33. The ’749 Patent is listed in the Orange Book for LORBRENA® and is scheduled to expire on July 27, 2036, subject to any applicable extension or exclusivity.

34. Pfizer owns the ’749 Patent.

35. PPIBV is the exclusive licensee of the ’749 Patent.

36. PPIBV conveyed rights under the ’749 Patent to PPHBV.

37. PPHBV conveyed rights under the ’749 Patent to PAMPL and PIP.

38. PH1 holds rights under the ’749 Patent.

39. The ’376 Patent was duly and legally issued by the USPTO on June 1, 2021, and is titled “Crystalline Form of Lorlatinib Free Base.” Exhibit C.

40. The ’376 Patent is listed in the Orange Book for LORBRENA® and is scheduled to expire on July 27, 2036, subject to any applicable extension or exclusivity.

41. Pfizer owns the ’376 Patent.

42. PPIBV is the exclusive licensee of the ’376 Patent.

43. PPIBV conveyed rights under the ’376 Patent to PPHBV.

44. PPHBV conveyed rights under the ’376 Patent to PAMPL and PIP.

45. PH1 holds rights under the ’376 Patent.

46. The ’500 Patent was duly and legally issued by the USPTO on April 12, 2022, and is titled “Crystalline Form of Lorlatinib Free Base Hydrate.” Exhibit D.

47. The ’500 Patent is listed in the Orange Book for LORBRENA® and is scheduled to expire on October 4, 2038, subject to any applicable extension or exclusivity.

48. Pfizer owns the ’500 Patent.

49. PPIBV is the exclusive licensee of the ’500 Patent.

50. PPIBV conveyed rights under the ’500 Patent to PPHBV.

51. PPHBV conveyed rights under the ’500 Patent to PAMPL and PIP.

52. PH1 holds rights under the ’500 Patent.

## SUN’S ANDA AND NOTICE LETTER

53. On information and belief, Sun submitted ANDA No. 219998 under § 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)), seeking FDA approval to engage in the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States of lorlatinib tablets, 25 mg and 100 mg, as generic versions of LORBRENA® before the expiration of the Asserted Patents.

54. Sun sent Pfizer its Notice Letter dated August 17, 2026, providing notice that Sun’s ANDA contains a certification with respect to the Asserted Patents under the Federal Food, Drug,

and Cosmetic Act, 21 U.S.C. § 355(j)(2)(A)(vii)(IV). Pfizer received Sun's Notice Letter on August 18, 2026.

55. The Paragraph IV Certification represented that Sun filed its ANDA seeking approval from the FDA to commercially manufacture, use, market, or sell its generic lorlatinib tablets, 25 mg and 100 mg, in the United States before the expiration of the Asserted Patents.

56. Sun's Notice Letter stated that the FDA assigned ANDA No. 219998 to Sun and that Sun received a Paragraph IV acknowledgement letter for the ANDA. The Notice Letter identifies the proposed drug product as "Lorlatinib Tablets 25 mg, 100 mg."

57. Sun's Notice Letter purported to contain a "Detailed Statement of the Factual and Legal Bases for Sun's Paragraph IV Certification that U.S. Patent Nos. 8,680,111, 10,420,749, 11,020,376, and 11,299,500 Are Invalid, Unenforceable, and/or Will Not Be Infringed" ("Detailed Statement").

58. Sun's Notice Letter purported to contain an offer of confidential access ("OCA") to certain portions of ANDA No. 219998. The Notice Letter did not include evidence supporting Sun's assertion that its proposed product does not infringe the Asserted Patents.

59. Pfizer acted diligently to evaluate Sun's assertions within the limited 45-day period for filing a suit established by the Hatch-Waxman Act. On September 8, 2026, Pfizer responded to Sun's purported OCA. Pfizer explained that Sun's proposed terms were overly restrictive, unduly burdensome, and did not comply with the requirements of 21 U.S.C § 355(j)(5). Pfizer informed Sun that its purported OCA did not permit access to in-house counsel at Pfizer and did not make clear that Pfizer would be permitted to engage experts to assist counsel. Pfizer further explained that it would not have fair opportunity to evaluate Sun's assertions as a result of these restrictions. In addition, Sun's purported offer was deficient in that it limited access to ANDA

No. 219998 to unspecified "certain information." Sun's purported offer also did not provide Pfizer the opportunity to test Sun's ANDA Product. Sun's purported OCA was also overly restrictive in that it prevented counsel from representing any party in patent prosecution relating to lorlatinib tablets and any work before or involving FDA relating to lorlatinib tablets. Pfizer proposed revisions to Sun's purported OCA that, *inter alia*, permitted in-house counsel and 3-experts access to Modules 1, 2, and 3 of Sun's ANDA. Pfizer additionally requested samples of Sun's ANDA Products and the active pharmaceutical ingredient (API) used to manufacture Sun's ANDA Products, for purposes of conducting infringement testing.

60. On September 15, 2026, Sun rejected many of Pfizer's proposed revisions. Pfizer responded to Sun on September 23, 2026, reiterating that Sun's purported OCA continues to be overly restrictive, unduly burdensome, and does not comply with the requirements of 21 U.S.C. § 355(j)(5). Among other things, it did not permit access to Sun's ANDA Product samples, which would permit powder X-ray diffraction (XRPD), Raman spectroscopy, and sold state NMR (ssNMR) testing by Pfizer's experts. Pfizer requires, for example, a PXRD expert for testing related to claims 1-6 of '749 patent; an expert in Raman spectroscopy for testing related to claims 7-10 of the '749 patent; and an expert in ssNMR for testing related to claims 13-20 of the '749 patent. In addition, Sun's purported OCA also did not permit access to in-house counsel at Pfizer and limits expert review to one individual. Pfizer informed Sun that it will therefore not have fair opportunity to evaluate Sun's assertions. Sun responded on September 28, 2026 and restated many of its positions from its letter of September 15, 2026. The parties reached an impasse on September 29, 2026, due in part to Sun's refusal to provide Sun's ANDA Product samples and access to in-house counsel at Pfizer.

61. Pfizer reserves the right to amend this Complaint based on Sun's ANDA, proposed labeling, manufacturing information, and other information obtained in discovery.

62. On information and belief, if the FDA approves ANDA No. 219998, Sun will manufacture, use, offer for sale, sell, and/or import Sun's ANDA Products in the United States, including in Delaware.

63. On information and belief, if the FDA approves Sun's ANDA, Sun will actively induce or contribute to the manufacture, use, offer for sale, or sale of its ANDA Products.

64. On information and belief, Sun's label is substantially identical to the LORBRENA® label in all material respects, which directs and actively encourages doctors to administer, and patients to take, Sun's ANDA Products in a manner that will infringe one or more claims of the Asserted Patents.

65. Pfizer is commencing this action within 45 days of the date of receipt of Sun's Notice Letter in accordance with the time frame for filing such a suit established by the Hatch-Waxman Act, 21 U.S.C. § 355(j)(5)(B)(iii).

## FIRST CAUSE OF ACTION
## INFRINGEMENT OF THE '111 PATENT

66. The allegations of paragraphs 1-65 above are repeated and re-alleged as if set forth herein.

67. On information and belief, Sun submitted or caused to be submitted Sun's ANDA to the FDA, and continues to seek FDA approval of Sun's ANDA.

68. On information and belief, Sun's ANDA seeks FDA approval to manufacture, use, offer for sale, sell, and/or import Sun's ANDA Products before the expiration of the '111 Patent.

69. Sun has infringed the ’111 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Sun’s ANDA with a Paragraph IV Certification and seeking FDA approval of Sun’s ANDA before the expiration of the ’111 Patent.

70. Sun is liable for direct infringement of the ’111 Patent under § 271(e)(2)(A) because, on information and belief, Sun actively and knowingly caused to be submitted, assisted with, participated in, contributed to, and/or directed the submission of Sun’s ANDA and its accompanying Paragraph IV Certification directed to the ’111 Patent to the FDA.

71. On information and belief, if Sun’s ANDA is approved, the manufacture, use, offer for sale, sale, and/or importation of Sun’s proposed generic lorlatinib tablets pursuant to ANDA No. 219998 would directly infringe one or more claims of the ’111 Patent.

72. For example, claim 8 of the ’111 Patent recites:

> 8. The compound of claim 1, which is (10R)-7-amino-12-fluoro-2,10,16-trimethyl-15-oxo-10,15,16,17-tetrahydro-2H-8,4-(metheno)pyrazolo[4,3-h][2,5,11]benzoxadiazacyclotetradecine-3-carbonitrile (lorlatinib), or a pharmaceutically acceptable salt thereof.

73. On information and belief, Sun’s ANDA Products infringe at least claim 8 of the ’111 Patent.

74. On information and belief, if Sun’s ANDA is approved, Sun and its affiliates will immediately make, sell, offer for sale, or otherwise distribute Sun’s ANDA Products in the United States, including in Delaware, thereby directly infringing one or more claims of the ’111 Patent.

75. On information and belief, Sun’s label is substantially identical to the LORBRENA® label in all material respects, which directs and actively encourages doctors to

administer, and patients to take, Sun's ANDA Products in a manner that will infringe one or more claims of the '111 Patent.

76. Unless enjoined by this Court, upon approval of Sun's ANDA, Sun will make, use, offer to sell, or sell Sun's ANDA Products within the United States, or will import Sun's ANDA Products into the United States, and will thereby actively contribute to the infringement of and/or induce the infringement of one or more claims of the '111 Patent.

77. On information and belief, Sun has acted with full knowledge of the '111 Patent and without a reasonable basis for believing that the manufacture, use or sale of its ANDA Product would not infringe and, likewise, lacks any basis for believing that its ANDA Product is a staple article or commodity of commerce suitable for substantial non-infringing use.

78. Sun's Detailed Statement in Sun's Notice Letter does not dispute that Sun's ANDA Products will infringe, contribute to the infringement of, or induce the infringement of the '111 Patent, except to the extent that the '111 Patent is found invalid.

79. Pfizer will be irreparably harmed if Sun is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '111 Patent. Pfizer does not have an adequate remedy at law, and considering the balance of hardships between Pfizer and Sun, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

80. The submission of Sun's ANDA to obtain FDA approval to engage in the commercial manufacture, use, offer for sale, sale, and/or import into the United States of Sun's ANDA Products before the expiration of the '111 Patent also entitles Pfizer to relief under 35 U.S.C. § 271(e)(4) and, if appropriate, attorneys' fees under § 285.

## SECOND CAUSE OF ACTION
## DECLARATORY JUDGMENT OF INFRINGEMENT OF THE ’111 PATENT

81. The allegations of paragraphs 1-80 above are repeated and re-alleged as if set forth herein.

82. Pfizer’s claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

83. On information and belief, if Sun’s ANDA is approved, Sun and its affiliates will immediately make, sell, offer for sale, and/or import Sun’s ANDA Products in the United States, including in Delaware, thereby directly infringing one or more claims of the ’111 Patent under at least 35 U.S.C. § 271(a). Additionally, on information and belief, health care professionals or patients who use Sun’s ANDA Products will directly infringe one or more claims of the ’111 Patent under at least 35 U.S.C. § 271(a).

84. On information and belief, Sun’s label is substantially identical to the LORBRENA® label in all material respects, which directs and actively encourages doctors to administer, and patients to take, Sun’s ANDA Products in a manner that will infringe one or more claims of the ’111 Patent.

85. On information and belief, Sun knows and intends that health care professionals or patients will use Sun’s ANDA Products in accordance with the labeling sought by Sun’s ANDA and that Sun will therefore contribute to the infringement of and/or induce the infringement of one or more claims of the ’111 Patent under one or more of 35 U.S.C. § 271(b) and (c).

86. As a result of the foregoing facts, an actual, substantial, and justiciable controversy exists between Pfizer and Sun concerning liability for the infringement of the ’111 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

87. Pfizer will be irreparably harmed if Sun is not enjoined from infringing the ’111 Patent. Pfizer does not have an adequate remedy at law, and considering the balance of hardships between Pfizer and Sun, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

88. This case is exceptional, and Pfizer is entitled to an award of attorneys’ fees under 35 U.S.C. § 285.

**THIRD CAUSE OF ACTION**
**INFRINGEMENT OF THE ’749 PATENT**

89. The allegations of paragraphs 1-88 above are repeated and re-alleged as if set forth herein.

90. On information and belief, Sun submitted or caused to be submitted Sun’s ANDA to the FDA, and continues to seek FDA approval of Sun’s ANDA.

91. On information and belief, Sun’s ANDA seeks FDA approval to manufacture, use, offer for sale, sell, and/or import Sun’s ANDA Products before the expiration of the ’749 Patent.

92. Sun has infringed the ’749 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Sun’s ANDA with a Paragraph IV Certification and seeking FDA approval of Sun’s ANDA before the expiration of the ’749 Patent.

93. Sun is liable for direct infringement of the ’749 Patent under § 271(e)(2)(A) because, on information and belief, Sun actively and knowingly caused to be submitted, assisted with, participated in, contributed to, and/or directed the submission of Sun’s ANDA and its accompanying Paragraph IV Certification directed to the ’749 Patent to the FDA.

94. On information and belief, if Sun’s ANDA is approved, the manufacture, use, offer for sale, sale, and/or importation of Sun’s proposed generic lorlatinib tablets pursuant to ANDA No. 219998 would directly infringe one or more claims of the ’749 Patent.

95. For example, claim 1 of the ’749 Patent recites:

1. A crystalline form of (10R)-7-amino-12-fluoro-2,10,16-trimethyl-15-oxo-10,15,16,17-tetrahydro-2H-8,4-(metheno)pyrazolo[4,3-h][2,5,11]benzoxadiazacyclotetradecine-3-carbonitrile (lorlatinib) free base, having a powder X-ray diffraction (PXRD) pattern comprising peaks at 2θ values of: 9.6, 10.1 and 16.2 °2θ±0.2 °2θ.

96. On information and belief, Sun’s ANDA Products infringe at least claim 1 of the ’749 Patent, literally or under the Doctrine of Equivalents.

97. On information and belief, if Sun’s ANDA is approved, Sun and its affiliates will immediately make, sell, offer for sale, or otherwise distribute Sun’s ANDA Products in the United States, including in Delaware, thereby directly infringing one or more claims of the ’749 Patent, literally or under the Doctrine of Equivalents.

98. On information and belief, Sun’s label is substantially identical to the LORBRENA® label in all material respects, which directs and actively encourages doctors to administer, and patients to take, Sun’s ANDA Products in a manner that will infringe one or more claims of the ’749 Patent.

99. Unless enjoined by this Court, upon approval of Sun’s ANDA, Sun will make, use, offer to sell, or sell Sun’s ANDA Products within the United States, or will import Sun’s ANDA Products into the United States, and will thereby actively contribute to the infringement of and/or induce the infringement of one or more claims of the ’749 Patent, literally or under the Doctrine of Equivalents.

100. On information and belief, Sun has acted with full knowledge of the ’749 Patent and without a reasonable basis for believing that the manufacture, use or sale of its ANDA Product

would not infringe and, likewise, lacks any basis for believing that its ANDA Product is a staple article or commodity of commerce suitable for substantial non-infringing use.

101. Pfizer will be irreparably harmed if Sun is not enjoined from infringing, and from actively inducing or contributing to the infringement of the ’749 Patent. Pfizer does not have an adequate remedy at law, and considering the balance of hardships between Pfizer and Sun, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

102. The submission of Sun’s ANDA to obtain FDA approval to engage in the commercial manufacture, use, offer for sale, sale, and/or import into the United States of Sun’s ANDA Products before the expiration of the ’749 Patent also entitles Pfizer to relief under 35 U.S.C. § 271(e)(4) and, if appropriate, attorneys’ fees under § 285.

## FOURTH CAUSE OF ACTION
## DECLARATORY JUDGMENT OF INFRINGEMENT OF THE ’749 PATENT

103. The allegations of paragraphs 1-102 above are repeated and re-alleged as if set forth herein.

104. Pfizer’s claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

105. On information and belief, if Sun’s ANDA is approved, Sun and its affiliates will immediately make, sell, offer for sale, and/or import Sun’s ANDA Products in the United States, including in Delaware, thereby directly infringing one or more claims of the ’749 Patent under at least 35 U.S.C. § 271(a), literally or under the Doctrine of Equivalents. Additionally, on information and belief, health care professionals or patients who use Sun’s ANDA Products will directly infringe one or more claims of the ’749 Patent under at least 35 U.S.C. § 271(a).

106. On information and belief, Sun's label is substantially identical to the LORBRENA® label in all material respects, which directs and actively encourages doctors to administer, and patients to take, Sun's ANDA Products in a manner that will infringe one or more claims of the '749 Patent.

107. On information and belief, Sun knows and intends that health care professionals or patients will use Sun's ANDA Products in accordance with the labeling sought by Sun's ANDA and that Sun will therefore contribute to the infringement of and/or induce the infringement of one or more claims of the '749 Patent under one or more of 35 U.S.C. § 271(b) and (c).

108. As a result of the foregoing facts, an actual, substantial, and justiciable controversy exists between Pfizer and Sun concerning liability for the infringement of the '749 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

109. Pfizer will be irreparably harmed if Sun is not enjoined from infringing the '749 Patent. Pfizer does not have an adequate remedy at law, and considering the balance of hardships between Pfizer and Sun, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

110. This case is exceptional, and Pfizer is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## FIFTH CAUSE OF ACTION
## INFRINGEMENT OF THE '376 PATENT

111. The allegations of paragraphs 1-110 above are repeated and re-alleged as if set forth herein.

112. On information and belief, Sun submitted or caused to be submitted Sun's ANDA to the FDA, and continues to seek FDA approval of Sun's ANDA.

113. On information and belief, Sun's ANDA seeks FDA approval to manufacture, use, offer for sale, sell, and/or import Sun's ANDA Products before the expiration of the '376 Patent.

114. Sun has infringed the '376 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Sun's ANDA with a Paragraph IV Certification and seeking FDA approval of Sun's ANDA before the expiration of the '376 Patent.

115. Sun is liable for direct infringement of the '376 Patent under § 271(e)(2)(A) because, on information and belief, Sun actively and knowingly caused to be submitted, assisted with, participated in, contributed to, and/or directed the submission of Sun's ANDA and its accompanying Paragraph IV Certification directed to the '376 Patent to the FDA.

116. On information and belief, if Sun's ANDA is approved, the manufacture, use, offer for sale, sale, and/or importation of Sun's proposed generic lorlatinib tablets pursuant to ANDA No. 219998 would directly infringe one or more claims of the '376 Patent, literally or under the Doctrine of Equivalents.

117. For example, claim 1 of the '376 Patent recites:

> 1. A solid dosage form of (10R)-7-amino-12-fluoro-2,10,16-trimethyl-15-oxo-10,15,16,17-tetrahydro-2H-8,4-(metheno)pyrazolo[4,3-h][2,5,11]benzoxadiazacyclotetradecine-3-carbonitrile (lorlatinib) free base (Form 7), wherein the dosage form has a powder X-ray diffraction (PXRD) pattern comprising peaks at 2θ values of: 9.6, 10.1 and 16.2 °2θ±0.2 °2θ.

118. On information and belief, Sun's ANDA Products infringe at least claim 1 of the '376 Patent, literally or under the Doctrine of Equivalents.

119. On information and belief, if Sun's ANDA is approved, Sun and its affiliates will immediately make, sell, offer for sale, or otherwise distribute Sun's ANDA Products in the United

States, including in Delaware, thereby directly infringing one or more claims of the ’376 Patent, literally or under the Doctrine of Equivalents.

120. On information and belief, Sun’s label is substantially identical to the LORBRENA® label in all material respects, which directs and actively encourages doctors to administer, and patients to take, Sun’s ANDA Products in a manner that will infringe one or more claims of the ’376 Patent.

121. Unless enjoined by this Court, upon approval of Sun’s ANDA, Sun will make, use, offer to sell, or sell Sun’s ANDA Products within the United States, or will import Sun’s ANDA Products into the United States, and will thereby actively contribute to the infringement of and/or induce the infringement of one or more claims of the ’376 Patent, literally or under the Doctrine of Equivalents.

122. On information and belief, Sun has acted with full knowledge of the ’376 Patent and without a reasonable basis for believing that the manufacture, use or sale of its ANDA Product would not infringe and, likewise, lacks any basis for believing that its ANDA Product is a staple article or commodity of commerce suitable for substantial non-infringing use.

123. Pfizer will be irreparably harmed if Sun is not enjoined from infringing, and from actively inducing or contributing to the infringement of the ’376 Patent. Pfizer does not have an adequate remedy at law, and considering the balance of hardships between Pfizer and Sun, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

124. The submission of Sun’s ANDA to obtain FDA approval to engage in the commercial manufacture, use, offer for sale, sale, and/or import into the United States of Sun’s

ANDA Products before the expiration of the ’376 Patent also entitles Pfizer to relief under 35 U.S.C. § 271(e)(4) and, if appropriate, attorneys’ fees under § 285.

**SIXTH CAUSE OF ACTION**
**DECLARATORY JUDGMENT OF INFRINGEMENT OF THE ’376 PATENT**

125. The allegations of paragraphs 1-124 above are repeated and re-alleged as if set forth herein.

126. Pfizer’s claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

127. On information and belief, if Sun’s ANDA is approved, Sun and its affiliates will immediately make, sell, offer for sale, and/or import Sun’s ANDA Products in the United States, including in Delaware, thereby directly infringing one or more claims of the ’376 Patent under at least 35 U.S.C. § 271(a), literally or under the Doctrine of Equivalents. Additionally, on information and belief, health care professionals or patients who use Sun’s ANDA Products will directly infringe one or more claims of the ’376 Patent under at least 35 U.S.C. § 271(a).

128. On information and belief, Sun’s label is substantially identical to the LORBRENA® label in all material respects, which directs and actively encourages doctors to administer, and patients to take, Sun’s ANDA Products in a manner that will infringe one or more claims of the ’376 Patent.

129. On information and belief, Sun knows and intends that health care professionals or patients will use Sun’s ANDA Products in accordance with the labeling sought by Sun’s ANDA and that Sun will therefore contribute to the infringement of and/or induce the infringement of one or more claims of the ’376 Patent under one or more of 35 U.S.C. § 271(b) and (c).

130. As a result of the foregoing facts, an actual, substantial, and justiciable controversy exists between Pfizer and Sun concerning liability for the infringement of the ’376 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

131. Pfizer will be irreparably harmed if Sun is not enjoined from infringing the ’376 Patent. Pfizer does not have an adequate remedy at law, and considering the balance of hardships between Pfizer and Sun, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

132. This case is exceptional, and Pfizer is entitled to an award of attorneys’ fees under 35 U.S.C. § 285.

**SEVENTH CAUSE OF ACTION**
**INFRINGEMENT OF THE ’500 PATENT**

133. The allegations of paragraphs 1-132 above are repeated and re-alleged as if set forth herein.

134. On information and belief, Sun submitted or caused to be submitted Sun’s ANDA to the FDA, and continues to seek FDA approval of Sun’s ANDA.

135. On information and belief, Sun’s ANDA seeks FDA approval to manufacture, use, offer for sale, sell, and/or import Sun’s ANDA Products before the expiration of the ’500 Patent.

136. Sun has infringed the ’500 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Sun’s ANDA with a Paragraph IV Certification and seeking FDA approval of Sun’s ANDA before the expiration of the ’500 Patent.

137. Sun is liable for direct infringement of the ’500 Patent under § 271(e)(2)(A) because, on information and belief, Sun actively and knowingly caused to be submitted, assisted with, participated in, contributed to, and/or directed the submission of Sun’s ANDA and its accompanying Paragraph IV Certification directed to the ’500 Patent to the FDA.

138. On information and belief, if Sun's ANDA is approved, the manufacture, use, offer for sale, sale, and/or importation of Sun's proposed generic lorlatinib tablets pursuant to ANDA No. 219998 would directly infringe one or more claims of the '500 Patent, literally or under the Doctrine of Equivalents.

139. For example, claim 1 of the '500 Patent recites:

1. A crystalline form of (10R)-7-amino-12-fluoro-2,10,16-trimethyl-15-oxo-10,15,16,17-tetrahydro-2H-8,4-(metheno)pyrazolo[4,3-h][2,5,11]benzoxadiazacyclotetradecine-3-carbonitrile (lorlatinib) free base hydrate, having a powder X-ray diffraction (PXRD) pattern comprising peaks at 2θ values of: 8.8, 9.7, 17.6 and 18.8 °2θ±0.2 °2θ.

140. On information and belief, Sun's ANDA Products infringe at least claim 1 of the '500 Patent, literally or under the Doctrine of Equivalents.

141. On information and belief, if Sun's ANDA is approved, Sun and its affiliates will immediately make, sell, offer for sale, or otherwise distribute Sun's ANDA Products in the United States, including in Delaware, thereby directly infringing one or more claims of the '500 Patent, literally or under the Doctrine of Equivalents.

142. On information and belief, Sun's label is substantially identical to the LORBRENA® label in all material respects, which directs and actively encourages doctors to administer, and patients to take, Sun's ANDA Products in a manner that will infringe one or more claims of the '500 Patent.

143. Unless enjoined by this Court, upon approval of Sun's ANDA, Sun will make, use, offer to sell, or sell Sun's ANDA Products within the United States, or will import Sun's ANDA Products into the United States, and will thereby actively contribute to the infringement of and/or

induce the infringement of one or more claims of the ’500 Patent, literally or under the Doctrine of Equivalents.

144. On information and belief, Sun has acted with full knowledge of the ’500 Patent and without a reasonable basis for believing that the manufacture, use or sale of its ANDA Product would not infringe and, likewise, lacks any basis for believing that its ANDA Product is a staple article or commodity of commerce suitable for substantial non-infringing use.

145. Pfizer will be irreparably harmed if Sun is not enjoined from infringing, and from actively inducing or contributing to the infringement of the ’500 Patent. Pfizer does not have an adequate remedy at law, and considering the balance of hardships between Pfizer and Sun, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

146. The submission of Sun’s ANDA to obtain FDA approval to engage in the commercial manufacture, use, offer for sale, sale, and/or import into the United States of Sun’s ANDA Products before the expiration of the ’500 Patent also entitles Pfizer to relief under 35 U.S.C. § 271(e)(4) and, if appropriate, attorneys’ fees under § 285.

**EIGHTH CAUSE OF ACTION**
**DECLARATORY JUDGMENT OF INFRINGEMENT OF THE ’500 PATENT**

147. The allegations of paragraphs 1-146 above are repeated and re-alleged as if set forth herein.

148. Pfizer’s claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

149. On information and belief, if Sun’s ANDA is approved, Sun and its affiliates will immediately make, sell, offer for sale, and/or import Sun’s ANDA Products in the United States, including in Delaware, thereby directly infringing one or more claims of the ’500 Patent under at

least 35 U.S.C. § 271(a), literally or under the Doctrine of Equivalents. Additionally, on information and belief, health care professionals or patients who use Sun's ANDA Products will directly infringe one or more claims of the '500 Patent under 35 U.S.C. § 271(a), literally or under the Doctrine of Equivalents.

150. On information and belief, Sun's label is substantially identical to the LORBRENA® label in all material respects, which directs and actively encourages doctors to administer, and patients to take, Sun's ANDA Products in a manner that will infringe one or more claims of the '500 Patent.

151. On information and belief, Sun knows and intends that health care professionals or patients will use Sun's ANDA Products in accordance with the labeling sought by Sun's ANDA and that Sun will therefore contribute to the infringement of and/or induce the infringement of one or more claims of the '500 Patent under one or more of 35 U.S.C. § 271(b) and (c).

152. As a result of the foregoing facts, an actual, substantial, and justiciable controversy exists between Pfizer and Sun concerning liability for the infringement of the '500 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

153. Pfizer will be irreparably harmed if Sun is not enjoined from infringing the '500 Patent. Pfizer does not have an adequate remedy at law, and considering the balance of hardships between Pfizer and Sun, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

154. This case is exceptional, and Pfizer is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

A. A judgment that Sun infringes one or more claims of the Asserted Patents under 35 U.S.C. § 271(e)(2)(A);

B. A declaratory judgment that Sun's manufacture, use, offer for sale, sale, and/or importation of Sun's ANDA Products will directly infringe one or more claims of the Asserted Patents under at least 35 U.S.C. § 271(a);

C. A declaratory judgment that Sun's manufacture, use, offer for sale, or sale of Sun's ANDA Products in the United States, or importation into the United States, will induce and/or contribute to the infringement of one or more claims of the Asserted Patents under 35 U.S.C. §§ 271(b) and/or (c);

D. A permanent injunction pursuant to 35 U.S.C. §§ 271(e)(4)(B) and/or 283 restraining and enjoining Sun, its affiliates and subsidiaries, and all persons or entities acting in concert with Sun from commercially manufacturing, using, offering for sale, selling, or importing any product that infringes the Asserted Patents by the commercial manufacture, use, provision, offer for sale, or sale within the United States, and/or importation into the United States, including Sun's ANDA Products described in ANDA No. 219998;

E. An order pursuant to 35 U.S.C. § 271(e)(4)(A) decreeing that the effective date of any FDA approval of Sun's ANDA No. 219998 be a date that is not earlier than the latest expiration date of the Asserted Patents, or any later expiration of any patent term extension or exclusivity for the Asserted Patents to which Pfizer is or becomes entitled;

F. A declaration under 28 U.S.C. § 2201 that if Sun, its officers, agents, servants, employees, licensees, representatives, and attorneys, and any other persons acting or attempting to act in active concert or participation with Sun or acting on its behalf, engages in the commercial

manufacture, use, offer for sale, sale and/or importation of the product described in ANDA No. 219998, it will constitute an act of direct and/or indirect infringement of the Asserted Patents;

G. An award of damages or other relief pursuant to 35 U.S.C. § 271(e)(4)(C) to the extent Sun commercially manufactures, uses, provides, offers to sell, or sells within the United States, or imports into the United States any product that infringes or induces or contributes to the infringement of the Asserted Patents within the United States before the expiration of the Asserted Patents, including any later expiration of any patent term extension or exclusivity for the Asserted Patents to which Pfizer is or becomes entitled, and that any such monetary relief be awarded to Pfizer with prejudgment interest;

H. The entry of judgment declaring that Sun's acts render this case an exceptional case, and awarding Pfizer its attorneys' fees pursuant to 35 U.S.C. §§ 271(e)(4) and 285;

I. An award of Pfizer's costs and expenses in this action; and

J. Such other and further relief as the Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Megan E. Dellinger*

Jeremy A. Tigan (#5239)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jtigan@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Plaintiffs Pfizer Inc. and PF PRISM IMB B.V.*

OF COUNSEL:

Daniel P. DiNapoli
Abigail Struthers
Daniel Reisner
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-8000

Jeremy Cobb
David C. McMullen, PhD
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001
(202) 942-5000

October 1, 2026